UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILBERT DAVID GUADAMA-ALASTRE,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-06200-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS, AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 2, 3)

On August 5, 2026, petitioner Gilbert David Guadama-Alastre filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On the same day, petitioner filed a motion to proceed *in forma pauperis*[1] (Doc. No. 2) and a motion for temporary restraining order (Doc. No. 3).

On August 6, 2026, the court set a briefing schedule as to petitioner's motions and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has

[1] Petitioner's application makes the showing required by 28 U.S.C. § 1915(a)(1) and is therefore granted.

decided. (Doc. No. 5.) In addition, respondents were directed to state any opposition it had to the court's stated intention to rule on the underlying petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*)

On August 7, 2026, respondents filed a combined opposition to petitioner's motion for temporary restraining order and response to the petition for writ of habeas corpus, as well as a notice of administrative hearing request. (Doc. Nos. 7, 8.) Respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1225(b), but acknowledge that § 1226(a) governs pursuant to the recent decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). (Doc. No. 7 at 1.) Respondents further argue that relief afforded by the court should be limited to a custody redetermination hearing before an immigration judge. (*Id.*) Respondents do not state any objection to the court ruling on the petition based on the current briefing and the court will therefore do so as indicated in its August 6, 2026 order.

Although respondents do not disclose this pertinent fact in their opposition, they attach evidence that petitioner was previously detained and released by immigration authorities. (Doc. No. 7-1 at 2.) More specifically, on September 13, 2022, petitioner was apprehended by U.S. Border Patrol and paroled into the United States. (*Id.*) In light of this evidence, the court incorporates and adopts the reasoning set forth in its prior order *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), in which the court concluded that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release. Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Gilbert David Guadama-Alastre, A-File No. 243-138-822, from respondents' custody on the conditions, if any, he was subject to prior to his recent re-detention;

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

3. Petitioner's motion for temporary restraining order (Doc. No. 3) is DENIED as having been rendered moot by this order granting him habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **August 10, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE